# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            No. CR 10-0052 JB

TIMOTHY NIETO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Nieto's Sentencing Memorandum, filed August 27, 2010 (Doc. 56)("Sentencing Memo."). The Court held sentencing hearings on October 6, 2010 and December 9, 2010. The primary issue is whether the Court should vary from the advisory guideline imprisonment range and impose a sentence of probation. Because the Court finds that the factors in 18 U.S.C. § 3553(a) support a variance, given Defendant Timothy Nieto's youth, psychological condition, lack of prior convictions, acceptance of responsibility, and good prognosis for recovery if he obtains suitable treatment, and because the purposes of sentencing set forth in 18 U.S.C. § 3553(a) can be achieved by placing Nieto on supervised release rather than by incarceration, the Court will sentence Nieto to time served and a term of three-years supervised release with conditions, including that Nieto reside in and complete a community corrections program at a residential reentry center, Diersen Charities, for six months, and that Nieto participate in a substance abuse and mental health program.

## FACTUAL BACKGROUND

On December 10, 2009, Nieto was arrested during an undercover transaction for his

involvement in distributing oxycodone.  <u>See</u> Presentence Investigation Report ¶¶ 6-14, at 4-5 (re-disclosed August 26, 2010)("PSR").  Nieto is twenty years old.  <u>See id.</u> at 1.  Nieto had never previously been confined.  Nieto explains that his "need for oxycodone led to [him] agreeing to take part in [the offense], not to make money but to get oxycodone to feed [his] addiction."  <u>Id.</u> ¶ 17, at 6.  At the time of his arrest, Nieto's mother, Sherry Gammon, was making inquiries about treatment programs.  <u>See id.</u> ¶ 17, at 6.

## PROCEDURAL BACKGROUND

On January 7, 2010, the grand jury returned an Indictment, charging Nieto with a count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and three counts of distribution of oxycodone and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  <u>See</u> Indictment at 1-2, filed January 7, 2010 (Doc. 18).  On April 23, 2010, Nieto pled guilty to Count 1 of the Indictment -- conspiracy to distribute oxycodone.  <u>See</u> Plea Agreement, filed April 23, 2010 (Doc. 38).

Nieto's base offense level is 20.  <u>See</u> PSR ¶ 19, at 5.  Nieto has 0 criminal history points and therefore falls within criminal history category I.  <u>See id.</u> ¶ 29, at 7.  The PSR provides for a 3-level reduction of Nieto's offense level for acceptance of responsibility.  <u>See id.</u> ¶ 25, at 8.  Under the guidelines, the adjusted offense level of 17 and a criminal history category of I provides an advisory guideline imprisonment range of 24 to 30 months.  Before the sentencing hearing on December 9, 2010, Nieto met with the Assistant United States Attorney and de-briefed; therefore, Nieto is eligible for a 2-level safety valve reduction.  After a 2-level reduction, Nieto's offense level is 15, and criminal history category is I, giving a guideline imprisonment range of 18 to 24 months.  Nieto is eligible for probation for his offense.  <u>See</u> PSR ¶ 61, at 14.

1.      **Pre-Trial Release**.

Nieto was incarcerated for four days immediately after his arrest until his release on conditions.  Nieto used the time on pre-trial release constructively.  During his pre-trial release, Nieto regularly attended mental health and substance-abuse counseling at Relevancy, Inc. from January 15 to April 23, 2010.  See id. ¶¶ 42, 45, at 12.  Relevancy, Inc. diagnosed Nieto as suffering from Unspecified Mental Disorder (non-psychotic) and Personality Disorder Not Otherwise Specified, as well as there being a "high probability of [him] being substance dependent" on oxycodone.  Id. ¶¶ 42, 45, at 12.  On April 22, 2010, the day before Nieto plead guilty to Count I of the Indictment, he tested positive for methamphetamine and opiates.  See PSR ¶ 5, at 4.  Nieto was remanded to custody following his guilty plea.  See PSR ¶ 5, at 4.

2.      **Dr. Samuel Roll's Report**.

Samuel Roll, Ph.D., evaluated Nieto before sentencing.  Nieto's counsel submitted Dr. Roll's Evaluation Report to the United States Probation Officer ("USPO"), a copy of which the USPO attached to the PSR.  Nieto also provided a copy of Dr. Roll's Evaluation to the Assistant United States Attorney.  Dr. Roll's Evaluation is based upon the results and data he obtained from interviews and a battery of psychological tests that he conducted to evaluate Nieto.  Dr. Roll found that Nieto does not suffer from any psychological condition that would predispose him to a pattern of acting out or of aggression against others, that Nieto does not have an impulse disorder, and that Nieto does not have an anti-social personality disorder or other character disorder which is commonly present in repeat criminals.  See Evaluation of Timothy Nieto by Samuel Roll, Ph.D. ¶¶ 1, 2, at 2 (dated July 24, 2010).  Dr. Roll found that Nieto suffers from psychological difficulties, which he diagnoses as a combination of anxiety and depression, or agitated depression.  See id. ¶ 2, at 1-2.  Dr. Roll believes that oxycodone offered relief to Nieto for this agitated depression, which

helps to explain why Nieto became so addicted to oxycodone in a comparatively short period of time. <u>See</u> <u>id.</u>

Dr. Roll made findings which suggest that Nieto's mental health issues contributed to his becoming involved in, or his failure to resist becoming involved in, the criminal conduct for which he is being sentenced.  Dr. Roll found that, when Nieto is stressed because of anxiety and depression, he is vulnerable to confused thinking and impulsiveness; that he has difficulty forming close attachments to others, resulting in reduced enjoyment of life and increasing his tendency towards depression; that he is prone to making errors in judgment as to others' thoughts, feelings, and motivations; that he tends to deal with difficult situations by letting others make decisions for him, making him dependent and vulnerable to manipulation by others; that he suffers from low self-esteem and limited self-confidence; and that he is more likely than most people to demonstrate ineffective or maladaptive interpersonal behavior.  <u>See</u> <u>id.</u> ¶ 4.A-F, at 3-4.

Dr. Roll found that Nieto also has a number of psychological strengths that will help him when undergoing treatment to overcome his addiction and mental difficulties.  <u>See</u> <u>id.</u> ¶ 4.A-D, at 4.  Dr. Roll stated that Nieto has the potential to become a fairly stable individual with at least average perseverance; has the capacity to be reasonably open and flexible with others; is capable of adaptive logical coherent thinking; and has an underlying desire to establish close and intimate relationships with others, which will be extremely useful to him in a treatment setting.  <u>See</u> <u>id.</u>  Dr. Roll believes that, if Nieto obtains treatment by medication and psychotherapy, Nieto has a good prognosis for recovery, which in combination with his psychological strengths, renders it highly unlikely that Nieto would repeat this kind of behavior in the future.  <u>See</u> <u>id.</u> ¶ 4, at 4.

**3.**     **Sentencing**.

Nieto submitted a Sentencing Memorandum in anticipation of his sentencing hearing.  In his

Sentencing Memorandum, Nieto urges the Court to find that imprisonment for a term contemplated by the advisory guideline range would be "greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  See Sentencing Memo. at 1.  Nieto argues that, in the particular circumstances of this case, the purposes of sentencing set forth in 18 U.S.C. § 3553(a) can be achieved by sentencing him to a term of probation, with conditions that he obtain appropriate treatment for both his oxycodone addiction and his mental health issues.  See Sentencing Memo. at 11-12.

The United States responded, arguing that a sentence at the low end of the advisory guideline range is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  See United States' Response to Defendant's Sentencing Memorandum at 2, filed September 22, 2010 (Doc. 61)("Response").

Before the first sentencing hearing, on October 6, 2010, Nieto had not debriefed with the United States and therefore was not safety-valve eligible.  The PSR reflected this situation, stating that Nieto "has not provided all information and evidence he has concerning the instant offense." PSR ¶ 20, at 7.  In his Sentencing Memorandum, Nieto clarified that he chose not to participate in any form of debriefing.  See Sentencing Memo. at 2.

At the sentencing hearing on October 6, 2010, Nieto expressed interest in a program at the Dismas House, but, because of complications with funding and because Dismas House did not offer some of the programs Nieto needs, see Transcript of Hearing at 8:22-9:5 (taken October 6, 2010)(Court, Probation Officer),[1] Nieto requested a continuance to allow the USPO to further explore alternatives so that the Court would have an opportunity to evaluate the benefits of a

_____

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

rehabilitative program. The USPO stated that the issue in terms of treatment programs was funding and that he could further investigate treatment programs, keeping in mind which would work best for Nieto in terms of his family's financial capabilities. The United States did not oppose the continuance. The Court continued the sentencing hearing until December 9, 2010.

Before the December 9, 2010, hearing, Nieto debriefed with the Assistant United States Attorney. See Clerk's Minutes for December 9, 2010 Sentencing at 2, filed December 9, 2010 (Doc. 68). At the second sentencing hearing, the United States represented that it was comfortable with Nieto's request that the Court place him on probation. Nieto informed the Court that he had identified a rehabilitation program which the Salvation Army runs, and that the intake coordinator had informed him that the program would have a bed available within the next few weeks. Nieto asked the Court to place him on probation with the condition that he enter into the Salvation Army's rehabilitation program. The Court stated that it was not comfortable ordering participation in a faith-based program, such as the Salvation Army, because at some point, it might face a situation concerning an alleged violation of the program, which might require the Court to enforce the conditions of the faith-based program. Based on the Court's concerns, Nieto requested that the Court place him on probation, with a general condition, ordering Nieto to submit to a substance abuse or mental health treatment program. The United States argued that it believed that Nieto needs and would benefit from a more structured environment to help his transition into a productive life. The USPO informed the Court that he had researched availability of space at Diersen Charities and that there was availability.

## RELEVANT LAW REGARDING 18 U.S.C. 3553(a)

Section 3553(a) of Title 18 of the United States Code states: "The court shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes set forth in the

statute.  In imposing a sentence, a court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines --

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement --

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of

title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## <u>ANALYSIS</u>

The Court finds that the factors in 18 U.S.C. § 3553(a) support a variance, because of Nieto's youth, psychological condition, lack of prior convictions, acceptance of responsibility, and good prognosis for recovery if he obtains suitable treatment. The Court finds that the purposes of sentencing set forth in 18 U.S.C. § 3553(a) can be achieved by placing Nieto on supervised release. The Court believes the mandatory conditions will be sufficient to advance the goals of the Sentencing Reform Act, 18 U.S.C. §§ 3551 through 3586.

## I. <u>THE FACTORS IN 18 U.S.C. § 3553(a) SUPPORT A VARIANCE.</u>

The Court finds that the factors in 18 U.S.C. § 3553(a) support a variance. Nieto has accepted responsibility, has a good prognosis for recovery if he completes a treatment program, and is seeking treatment. Moreover, Nieto is young and his record lacks prior convictions. Furthermore, the Court believes that a sentence within the guideline range is greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.

The Court believes that Nieto's history and characteristics support a variance. Nieto's

history and characteristics are marked by a lack of paternal guidance, and a lack of consistent family relationships, guidance and support.  Despite a lack of consistent family relationships, however, Nieto has very limited experience of incarceration.  Nieto used the time he was on pre-trial release constructively, attending mental health and substance abuse counseling.  Despite a relapse the day before he entered a guilty plea, Nieto has demonstrated a willingness to undergo treatment.  Dr. Roll's Evaluation reveals that Nieto's psychological condition made him unusually susceptible to temptation and addition.  Nieto asserts that he undertook his criminal conduct to support his addiction.  Rather than being a high-seller drug-trafficker, interested in the good money, Nieto appears to be an addict who supported his habit with drug sales.  Although the Court sees many defendants who suffer addiction to illegal substances, Dr. Roll's Evaluation indicates that Nieto's psychological condition made him unusually susceptible to addiction.  Nieto's addiction fueled his criminal conduct.  Nieto has demonstrated a willingness to overcome his addiction.  Although his youth was marked by a lack of consistent family relationships, it appears that his family is supportive of his actions to overcome his addiction.  Although the Court sees many defendants with troubled backgrounds, Nieto -- and his family now -- appear to be committed to ensuring Nieto overcomes his addiction.  There is no sound reason to send a person who is more addict than hardened drug-trafficker to prison for 18 to 24 months.  The Court believes that Nieto's characteristics, such as his psychological condition, and the circumstances surrounding the offense, namely his addiction, support a variance.

**B.**   **THE NEED FOR THE SENTENCE TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT.**

The Court does not believe that a sentence in the advisory guideline range is necessary to afford adequate deterrence to Nieto's future conduct.  Although conspiracy to unlawfully distribute

a controlled substance is a serious offense, see 21 U.S.C. § 841 (stating that "such person shall be sentenced to a term of imprisonment of not more than 20 years"), the Court does not diminish the seriousness of his offense by considering something less than the advisory guideline sentence based on the circumstances in this case.  Nieto tested positive for opiates and methamphetamine while on pre-trial release; however, the Court recognizes that he was also regularly attending mental health and substance abuse counseling at the time, and that only one relapse occurred.  The relapse occurred during a stressful time, when Nieto was about to plead guilty to Count I of the Indictment. The road to recovery is not easy or always in a straight line, and the Court does not believe that Nieto's relapse during a stressful time necessarily indicates that incarceration is needed to deter his conduct in the future.   See United States v. Sachs, 210 F. App'x 800, 803 (10th Cir. 2006)(recognizing that the district court sentenced the defendant to a sentence in the advisory guidelines range and that,"[a]t sentencing, the district court commented on . . . the repeated pattern of substance abuse during [the defendant's] supervisory release[,] [and stated] there should be  . . . punishment for [testing] positive for drug use on four occasions, and that [the defendant] had not recognized the full extent of his drug problem.").  Instead, the Court believes that Nieto's youth, his lack of prior convictions, and his acceptance of responsibility demonstrate that incarceration is not necessary to deter future conduct.  See United States v. Swift, No. 1:08-CR-16, 2008 WL 2906884, at *4 (N.D. Ind. July 28, 2008)(varying 10 months from guideline range to impose mandatory minimum, citing, among other things, the defendant's acceptance of responsibility, lack of youthful guidance, and that additional 10 months would serve no retributive purpose to defendant, nor make any large difference in deterrence of others).  The Court believes that drug and mental health counseling may be better to protect against a relapse than incarceration.

### C.       NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.

The Court does not believe that a sentence in the advisory guideline range is necessary to protect the public from further crimes by Nieto.  Dr. Roll's Evaluation indicates that Nieto has a number of psychological strengths that will help him when he undergoes treatment to overcome his addiction and mental difficulties.  See Evaluation ¶ 4.A-D, at 4.  Dr. Roll stated that Nieto has the potential to become a fairly stable individual; has the capacity to be reasonably open and flexible with others; is capable of adaptive logical coherent thinking; and has an underlying desire to establish close, intimate, and mutually supportive relationships with others, traits which will be extremely useful to him in a treatment setting.  See id.  Dr. Roll believes that, if Nieto obtains treatment by medication and psychotherapy, Nieto has a good prognosis for recovery, which in combination with his psychological strengths, renders it highly unlikely that Nieto would repeat this kind of behavior in the future.  See id. ¶ 4, at 4.

Nieto has accepted responsibility and has demonstrated a willingness to undergo treatment to recover from his addiction.  Because Nieto has accepted responsibility, and has a good prognosis for recovery, the Court believes that a sentence in the advisory guideline range is not necessary to protect the public from further crimes, and finds that this factor supports a variance.  See United States v. Gardellini, 545 F.3d 1089, 1090-01 (D.C. Cir. 2008)(upholding non-guideline sentence of probation and a fine for the defendant where guideline range was 10-16 months, because, among other things, the defendant had accepted responsibility, there was a minimal risk of recidivism, and the defendant had already suffered substantially).  Again, the Court believes a good counseling program may be more effective than incarceration.

**D.     THE NEED FOR THE SENTENCE TO PROVIDE THE DEFENDANT WITH TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER.**

The Court believes that incarceration will not provide Nieto with the treatment he needs in the most effective manner.  Dr. Roll found that Nieto suffers from psychological difficulties, which he diagnoses as a combination of anxiety and depression, or agitated depression.  See Evaluation ¶ 2, at 1-2. The Court believes that a sentence of time served and supervised release, with a mandatory condition that Nieto complete a treatment program, will provide Nieto treatment in the most effective manner.  Dr. Roll found that, when stressed by anxiety and depression, Nieto is vulnerable to confused thinking and impulsiveness; that he has difficulty forming close attachments to others, resulting in reduced enjoyment in life and increasing his tendency towards depression; that he is prone to making errors in judgment as to others' thoughts, feelings, and motivations; that he tends to deal with difficult situations by letting others make decisions for him, making him dependent and vulnerable others' manipulation; that he suffers from low self-esteem and limited self-confidence; and that he is more likely than most people to demonstrate ineffective or maladaptive interpersonal behavior.  See Evaluation ¶ 4.A-F, at 3-4.  Because of Nieto's anxiety and depression, the Court is not convinced that incarceration would ensure Nieto's recovery, even though the Bureau of Prisons has a drug-abuse treatment program.  The Court believes that, given Nieto's mental condition, a rehabilitation program would be the most effective treatment.  The Court therefore finds that this factor supports a variance.

**E.     WHETHER INCARCERATION WITHIN OR EVEN BELOW GUIDELINE RANGE IS GREATER THAN NECESSARY FOR 18 U.S.C. § 3553(a) PURPOSES.**

Because an offense level of 15 and a criminal history category of I establish a guideline imprisonment range in Zone D, the advisory guidelines do not authorize a sentence of probation.

-12-

See U.S.S.G. § 5B1.1 application note 2.  Nieto is nonetheless eligible under 18 U.S.C. § 3561 for probation and community service for the offense of conviction.  See 18 U.S.C. § 3561 (stating that a "defendant . . . found guilty of an offense may be sentenced to a term of probation" unless "the offense is a Class A [--a felony for which life imprisonment or death is authorized] or Class B felony [-- a felony for which imprisonment of twenty-five years or more is authorized]," unless the offense "is an offense for which probation has been expressly precluded," or unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense").  The Court does not minimize the seriousness of the offense, and the need to prevent prescription drugs from being distributed other than in the context of lawful and professional medical treatment.  The Court nevertheless believes that the guideline range sentence is greater than necessary to satisfy the purposes of sentencing and that a variance is appropriate.  Nieto is young and lacks prior criminal convictions, despite a lack of close familial connections in his youth. Nieto's mental condition made him susceptible to an addiction, and Nieto committed crimes because of his addiction.  Nieto has accepted responsibility and is seeking treatment.  Because Nieto has accepted responsibility, has a good prognosis for recovery if he completes a treatment program, and is seeking treatment, and because Nieto is young and his record lacks prior convictions, the Court believes that a sentence of incarceration within the guideline range is greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).  See United States v. Cull, 446 F.Supp.2d 961, 965-66 (E.D. Wis. 2006)(stating that non-guideline sentence of 2 months in jail and 4 months of home confinement where advisory range was 10-16 months was sufficient and not greater than necessary for a defendant who "seemed to be taking steps to get back on the right track, abstaining from drugs and alcohol," who "accepted responsibility for his conduct," whose prior record was limited to a fine-only paraphernalia possession case, and who had never been confined).  Indeed, the

Court does not believe further incarceration is necessary to comply with the purposes of the Sentencing Reform Act.

## II.     THE COURT WILL DOWNWARDLY VARY FROM THE ADVISORY GUIDELINE SENTENCE.

There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 3-level downward adjustment for acceptance of responsibility.  The Court also grants a 2-level reduction to the offense level, because Nieto has debriefed with the Assistant United States Attorney, which made him eligible for a "safety valve" reduction.  After the 5-level reduction, the offense level is 15 and the criminal history category is I, establishing an imprisonment range of 18 to 24 months.  The Court has carefully considered the Guidelines and other sentencing goals.  Specifically, the Court has considered the Guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After a careful consideration of the circumstances in this case, and after Nieto's acceptance of responsibility and because of his amenability to treatment in the past few months, the Court believes that the punishment which is set forth in the guidelines is not appropriate for Nieto's offense.  The Court has considered the kinds of sentences and ranges that the guidelines establish, and the alternatives that are available, and the Court has concluded that a sentence of 232 days, or time served, whichever is less, reflects the seriousness of this offense, adequately promotes respect for the law, and provides just punishment.  The Court believes that a time-served sentence provides adequate deterrence, because Nieto has not served any time in prison before this offense.  This first-time incarceration may be enough.  The Court believes that the sentence will adequately protect the public because of the conditions of supervised release it will impose.  The Court believes

-14-

that the sentence effectively and fully reflects each of the factors embodied in 18 U.S.C. § 3553(a),

and provides Nieto with needed education, training, and care to overcome problems that he faced

in the past and to complete the road to recovery.  And while the Court's task as a trial court is not

to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly,

see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to

impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient,

but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation

omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) more

appropriately than a guideline sentence of 18 to 24 months, and is a more reasonable sentence.  The

Court concludes that this sentence is sufficient without being grater than necessary to comply with

the purposes set forth in the Sentencing Reform Act.  The Court commits Nieto to the custody of

the Bureau of Prisons for a term of 232 days or time served, whichever is less.  The Court places

Nieto on supervised release for a term of three years.  In addition to the standard conditions of

supervised release, and other mandatory conditions the Court imposes, the Court requires Nieto to

reside at and complete a program at a residential recovery center, Diersen, for a period of six months

as approved by the probation officer, and to participate in and successfully complete a substance

abuse treatment program, which may include outpatient counsel or residential placement.  The Court

agrees with the United States that Nieto will do best in a highly structured program like Diersen

rather than a less structured situation.  Based on Nieto's lack of financial resources, the Court will

not impose a fine.  Nieto must pay a special assessment of $100.00, which is due immediately.

**IT IS ORDERED** that Defendant Timothy Nieto's request for a sentence of probation in the

Defendant Nieto's Sentencing Memorandum, filed August 27, 2010 (Doc. 56), is granted in part and

denied in part.  The Court will not place Nieto on probation, but will sentence him to time served

and to supervised release for a term of three years.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
John C. Anderson
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Charles Nicholas Fisher
Allison & Fisher
Albuquerque, New Mexico

      *Attorneys for the Defendant*